**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOSEPH L. McNARY, #450899,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:05-CV-0519-G |
| ) | |
| **DOUGLAS DRETKE, Director, Texas** ) | |
| **Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Powledge Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Palestine, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case.

Statement of Case: Following his plea of not guilty, Petitioner was convicted of possession of cocaine in the 195th Judicial District Court of Dallas County, Texas, Cause No. F87-93312-KN. (Petition (Pet.) at 2). Punishment was assessed at twenty-eight years imprisonment. (Id.). Petitioner's conviction was affirmed on direct appeal. (Id. at 3).

Petitioner was subsequently released on parole/mandatory supervision. He remained on parole/mandatory supervision until January 10, 2003, when his parole/mandatory supervision was revoked and his street-time credits were forfeited. (Id. at 5 and Memorandum in Support attached to the Pet.).

On October 7, 2003, Petitioner filed his fourth state application for habeas corpus relief pursuant to Texas Code of Criminal Procedure art. 11.07, raising the claims at issue in this case. (Pet. At 3).[1] The Texas Court of Criminal Appeals denied the state application on February 4, 2004. See In re McNary, No. WR17,248-04, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=222133 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).[2]

In this habeas corpus action, filed on March 14, 2005, Petitioner challenges the computation of his sentence under the Due Process and *Ex Post Facto* Clauses of the United States Constitution. (Pet. ¶ 20).[3]

---

[1]   In his response filed on May 2, 2005, Petitioner alleged that his art. 11.07 application was filed in October of 2003. The office of the undersigned magistrate judge called the Dallas County District Clerk's Office on May 16, 2005, to verify the date of filing of his art. 11.07 application.

[2]   While Petitioner filed a fifth art. 11.07 application on May 26, 2004, which was denied on July 21, 2004, that action does not relate to the conviction at issue in this case. See In re McNary, No. WR17,248-05, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=227397 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).

[3]   Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to include the date on which he signed his petition. (See Petition at 9). However, he obtained a certificate of inmate trust account on March 8, 2005, which he mailed to this Court along with his petition and request for leave to proceed *in forma pauperis*. (See Petition at 9, and Motion for Leave to Proceed *In Forma Pauperis*). Therefore, for purposes of this recommendation, the petition is deemed filed on March 8, 2005, the earliest

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Subsection (D) – when a petitioner was or, with due diligence, should have been aware of the predicate facts of his habeas claims – applies in the parole-revocation context.  Heiser v. Johnson, No. 00-10408 (5th Cir. June 8, 2001) (unpublished); see also Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002) (one-year period ran from conclusion of prison disciplinary hearing, when petitioner learned of loss of credits).[5]

---

possible date on which Petitioner could have placed it along with his certificate of trust account in the prison mail.

[4]  On April 4, 2004, the magistrate judge informed Petitioner of the one-year statute of limitations and granted him thirty days to state all reasons why his petition should not be dismissed as barred by the limitation period.  Petitioner filed his response to the court's show cause order on May 2, 2005.

[5]  The magistrate judge notes that Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor

In this case, the very latest date on which Petitioner could or should have been aware of the claims at issue in this case was on January 10, 2003, when his parole/mandatory supervision was revoked. As of that date, Petitioner was on notice that his street-time credits had been forfeited and that he would be serving the remainder of his sentence without the benefit of the forfeited credits. Therefore, the one-year limitation period commenced to run at the latest on January 11, 2003, the day after Petitioner's parole was revoked. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998). As of October 7, 2003, the date on which Petitioner filed his art. 11.07 application, 269 days of the one-year limitation period had elapsed. The state application remained pending until February 4, 2004, during which time the one-year period was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir.1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998). The one year-period expired 96 days later on May 10, 2004, ten months before Petitioner filed the federal petition in this case. Therefore, the federal petition is time barred.

In response to the Court's show cause order, Petitioner explains that within a few days of filing his state writ he began a three-month period during which he was repeatedly transferred from one unit to another, until he reached his final destination on January 2, 2004, at the Powledge Unit. The court liberally construes Petitioner to request equitable tolling of the one-year limitation period.

The one-year statute of limitations can be equitably tolled, but only in cases presenting

---

does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief could not have become known at the time Petitioner's judgment of conviction became final.

4

"rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting Davis, 158 F.3d at 810). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)); see also Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, a habeas petitioner bears the burden of proving that he is entitled to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000).

Even when liberally construed, the pleadings in this case do not present rare and extraordinary circumstances warranting equitable tolling. While Petitioner was in transit for three months from October 2003 until January 2004 (see Response to Show Cause Order at 1-2), that period post-dated the filing of his art. 11.07 application and, as a result, the one-year period was already being tolled on statutory grounds under 28 U.S.C. § 2244(d)(2). See supra at 4. The court further notes that Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips, 216 F.3d at 511. On the contrary Petitioner waited ten months before even filing his art. 11. 07 application. After the denial of his state

5

application, he waited more than one year before filing this federal petition.  These delays – clearly of Petitioner's own making – do not constitute rare and extraordinary circumstances warranting equitable tolling.  "[E]quity is not intended for those who sleep on their rights.  Fisher, 174 F.3d at 715.

Petitioner's request for equitable tolling should be denied, and the petition for writ of habeas corpus should be dismissed as barred by the one-year limitation period.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

The Clerk will mail a copy of this recommendation to Petitioner Joseph L. McNary, #450899, TDCJ, Powledge Unit, Rt. 2 Box 2250, Palestine, Texas 75882.

Signed May 31, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.